# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JAMES O'CONNOR, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:12CV192 LMB |
| | ) | |
| CORY HUTCHESSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in

determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff, a former inmate at Mississippi County Detention Center, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are several Mississippi County officials, including: Cory Hutchesson (Head Jailer); Darren Cann (Prosecuting Attorney); Keith Moore (Sheriff); Charles Marcum (Deputy Sheriff); and John Hadenfeld (Jail Administrator); Danny Bright (Jailer); Janice McCameron (Jail Administrator); Beverly Starke (Nurse); and Danny Lafferty (Chief of Police, East Prairie, Missouri).

Plaintiff states that he was arrested after an illegal search on his home by defendant Lafferty, in April of 2010, and taken to Mississippi County Jail. He claims that at that time, defendant Lafferty executed a search warrant of his home without a search warrant or his consent.

Plaintiff claims that while he was incarcerated the purported victim in his case came to see him and, as witnessed by defendant Marcum, told plaintiff that he knew he hadn't perpetrated the crime he had been charged with and that he would tell the prosecutor in the case, defendant Cann. Plaintiff claims that despite this testimony from the alleged victim, defendant Cann wrongfully refused to drop the charges.

Plaintiff asserts that on April 21, 2010, he believes that defendant Hutchesson and defendant Bright conspired with an inmate to have plaintiff beaten. Plaintiff claims he had been on a "hunger strike" and he was so weak after the beating he requested to be taken to the emergency room. Defendants Hutchesson and Bright allegedly refused plaintiff's request despite him telling them he was "seeing spots" and having chest pains. Plaintiff states that he "passed out" and came to even further damaged and lying in a pool of blood. Plaintiff states he was examined by defendant Starke who said he did not need emergency treatment and only provided him with ibuprofen. Plaintiff claims that while he was "coming to," he could hear a "tazer" popping, but he states he does not believe he was tazed by either defendant.

Plaintiff claims he was kept in an observation room until April 23, 2010 when he was taken before defendants Marcum, Hadenfeld and McCameron and asked if he had been tazed by defendant Hutchesson on the prior evening. Plaintiff claims he told defendant Marcum "no," whereupon he was told that he was being released and that all charges would be dropped as long as "no lawsuits were filed."

Plaintiff states that on the morning of April 24, 2010, defendant Marcum came to visit him at his home and told plaintiff that defendant Moore had a vendetta against him. Plaintiff does not make any specific allegations against defendant Moore other than defendant Marcum's alleged statement.

Plaintiff claims that he woke up in extreme pain on April 26, 2010 and went to the Medical Center in Sikeston, Missouri. He states that he received x-rays, a CT scan, a face, head and neck check. He asserts that his right eye was still mostly swollen shut, there was a blood pocket on "both eyeballs and they were both black all the way around the sockets." Plaintiff asserts he was having difficulty eating because his mouth was sore. Plaintiff claims that he was provided with three medications and told he had an orbital/tripod fracture on his right cheek bone. Plaintiff asserts that he was scheduled to see a specialist but had to cancel his appointment due to his lack of funds.

Plaintiff seeks monetary damages and injunctive relief against defendants in their individual and official capacities.

## Discussion

The Court will issue process on plaintiff's Fourth Amendment illegal search claim against defendant Lafferty, in his individual capacity. His claim against defendant Lafferty in his official capacity is subject to dismissal, however. See Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a

policy or custom of the municipality is responsible for the alleged constitutional violation. The instant complaint does not contain any allegations that a policy or custom of East Prairie, Missouri, was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted against defendant Lafferty in his official capacity.

The Court will also issue process on plaintiff's deliberate indifference to his serious medical needs claim, with regard to defendants Hutchesson, Bright, Starke, Marcum, McCameron and Hadenfeld, also in their individual capacities. According to plaintiff's allegations, each of these individuals saw plaintiff after he was beaten and suffered further injuries after "passing out" in the cell, had an opportunity to provide plaintiff with proper medical intervention and failed to do so. As stated, this states a claim for deliberate indifference to his serious medical needs. Plaintiff's allegations against these defendants in their official capacities, however, fail to state a claim upon which relief can be granted as he has not stated that a policy or custom of Mississippi County was responsible for his lack of medical care. See, e.g., Monell, 436 U.S. at 690-91.

The Court does not believe, however, that plaintiff has stated enough in his allegations to suppose a conspiracy claim against defendants Bright and Hutchesson to have him beat up by another inmate. To properly plead a claim for civil conspiracy

under § 1983, a plaintiff must include factual allegations showing a "meeting of the minds" concerning unconstitutional conduct; although an express agreement between the purported conspirators need not be alleged, there must be something more than the summary allegation of a conspiracy. See Mershon v. Beasely, 994 F.2d 449, 451 (8th Cir. 1993). Plaintiff only surmises that defendants wished harm on him because they spoke to the inmate who beat him up a couple of hours before he was beaten and because they were "close by" when the beating started. This is simply not enough to show a conspiracy to harm plaintiff. Moreover, plaintiff has not sufficiently stated a failure to protect claim, as he has not alleged that he was threatened by the other inmate, that defendants knew of or disregarded any such threats or that they failed to respond to the alleged beating. In fact, plaintiff states that both defendants responded promptly.

Plaintiff's claims against defendant Cann are also subject to dismissal. Where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996). And plaintiff's claim against Sheriff Moore is subject to dismissal for yet another reason. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338

(8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendant Moore was directly involved in or personally responsible for the alleged violations of his constitutional rights. Rather, his only allegation relating to defendant Moore is a statement that Marcum attributes to Moore. This statement alone, cannot form the basis for a constitutional violation. As a result, the complaint fails to state a claim upon which relief can be granted with respect to defendant Moore.

Last, the Court will deny plaintiff's motion for appointment of counsel at this time, as this case is reasonably straightforward. There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See

Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005. Plaintiff's complaint is well-written and his claims are not so complex as to warrant counsel at this time. As such, his request for counsel will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #7] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach plaintiff's amended complaint from Docket No. 4 and file it separately under the heading "Amended Complaint."

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Hutchesson, Marcum, Hadenfeld, Bright, McCameron, Starke and Lafferty, **in their individual capacities**, with respect to their alleged deliberate indifference to his serious medical needs.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Hutchesson, Marcum, Hadenfeld, Bright, McCameron, Starke and Lafferty shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Moore or Cann because, as to

these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that the complaint fails to state a claim upon which relief can be granted as to defendants Hutchesson, Marcum, Hadenfeld, Bright, McCameron, Starke and Lafferty, **in their official capacities**. **As such, process shall not be issued on these defendants in their official capacities.**

**IT IS FURTHER ORDERED** that plaintiff's claims for conspiracy to have him beaten up/failure to protect him against defendants Hutchesson and Bright are subject to dismissal for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #5] is **DENIED**.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this <u>29th</u> day of January, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE