UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

JAMES CLAUDE O'CONNOR, )
                       )
       Plaintiff,      )
                       )
  v.                   )        No. 1:12CV00192 AGF
                       )
CORY HUTCHESON, et al., )
                       )
       Defendants.     )

## MEMORANDUM AND ORDER

Plaintiff has filed this action pro se under 42 U.S.C. § 1983 against several officials at the Mississippi County, Missouri Detention Center ("MCDC"), alleging that Defendants violated his constitutional rights by failing to protect him from an assault by other MCDC inmates, as well as by denying him medical care after he was injured in the assault. This matter is before the Court on the motion for summary judgment (Doc. No. 35) filed by Defendants Cory Hutcheson, Charles Marcum, John Hadenfeld, Danny Bright, and Janice McCameron.[1] Plaintiff did not file a responsive pleading and the time for doing so has expired. For the reasons set forth below, the motion for summary judgment shall be granted.

---

[1] Plaintiff's claims against the remaining Defendants were dismissed by the Court by prior Orders. (Docs. No. 10, 46.)

## BACKGROUND

Under Local Rule 4.01(E), Defendants' statement of facts is deemed admitted because it was not controverted by Plaintiff. Plaintiff's pro se status does not excuse him from responding to Defendants' motion "with specific factual support for his claims to avoid summary judgment," *Beck v. Skon*, 253 F.3d 330, 333 (8th Cir. 2001), or from complying with Local Rule 4.01(E). *See Peterson v. Corr. Med. Servs.*, No. 4:10CV01866 TCM, 2012 WL 4108908, at *1 (E.D. Mo. Sept. 18, 2012).

Accordingly, the record establishes the following. Defendant Hutcheson was a security officer at the MCDC in April of 2010. Defendant Marcum is a deputy with the MCDC. Defendants Hadenfeld, McCameron, and Bright are corrections officers at the MCDC. Defendant Starke was a nurse at the MCDC. On April 10, 2010, Plaintiff was arrested and charged with burglary, stealing, and property damage. He was confined to the MCDC between April 10 and April 23, 2010, when he was released after the prosecuting attorney dismissed the charges against him.

On April 21, 2010, at approximately 4:40 p.m., Plaintiff and two other inmates were involved in a fight in D-Pod in the MCDC. As a result of the fight, Plaintiff had two black eyes. Immediately on discovering the fight, Hutcheson and Bright entered the pod and separated the three inmates and placed them on three days of lock down. On the same day, Starke examined Plaintiff after the fight and noted a slight raised area above Plaintiff's left eye and some light bruising under his left eye. There were no lacerations or abrasions. Plaintiff mentioned an old neck injury and requested that he be taken to a

hospital. Starke found that it was not necessary to take Plaintiff to the hospital. She indicated that Plaintiff would be monitored at the MCDC and his pain would be treated. Starke gave Plaintiff an ice pack and Tylenol for swelling and pain.

The only contact Plaintiff had with Defendants Marcum, Hadenfeld, and McCameron was when he spoke with them after the assault. The only allegations against these three Defendants are that on April 23, 2010, they asked Plaintiff if Hutcheson had tazed him, to which Plaintiff responded in the negative. Plaintiff also alleges that Marcum, Hadenfeld, and McCameron told Plaintiff that he was being released. Plaintiff was never tazed. At no time during Plaintiff's incarceration in the MCDC in 2010 did he inform any corrections officer that he had been threatened by, or feared being assaulted by, any inmates in the facility.

Plaintiff alleges that Defendants were deliberately indifferent to the threat of serious injury while he was in the MCDC in that they failed to protect him from the fight that occurred on April 21, 2010. He further alleges that Defendants were deliberately indifferent to his medical needs in that they denied him medical care after he was injured in the fight. Plaintiff alleges that Defendants refused his request to be taken to a hospital and that three days after his release from the MCDC he went to the hospital, was given pain medication and antibiotics, and was diagnosed with an orbital fracture. Plaintiff states that, although he was scheduled to see a specialist for his condition, he could not afford the co-payment and did not keep the appointment.

Defendants contend that they are entitled to qualified immunity on Plaintiff's failure to protect claim, because there is no evidence that Plaintiff was under a substantial risk of harm when he was placed in D-Pod. In addition, there is no evidence that Defendants knew of a substantial risk of harm and disregarded it. Defendants argue that they are entitled to qualified immunity as to the medical treatment claim, because they were not deliberately indifferent to Plaintiff's medical needs. Defendants Marcum, Hadenfeld, and McCameron argue that Plaintiff has failed to set forth specific allegations against them. They contend that the only time Plaintiff talked with them was on April 23, 2010, right before Plaintiff was released from the MCDC.

## **DISCUSSION**

The court may grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law determines which facts are critical and which are irrelevant. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Id*. Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*.

A moving party bears the burden of informing the court of the basis of its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). Once the moving party has made and supported its motion, "the nonmoving party must proffer admissible evidence demonstrating a genuine

dispute as to a material fact." *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). The nonmoving party may not rest upon mere allegations of his pleading. *Anderson*, 477 U.S. at 259. In ruling on a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. *Celotex Corp.*, 477 U.S. at 331. The court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249-49.

Where, as here, a plaintiff fails to respond to a motion for summary judgment, the court should not treat such a non-response as sufficient to dispose of the motion. *See Lowry v. Powerscreen USB, Inc.*, 72 F. Supp. 2d 1061, 1064 (E.D. Mo. 1999) (citing *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1213 (8th Cir. 1997)). Rather, courts "should proceed to examine those portions of the record properly before them and decide for themselves whether the motion is well taken." *Id.* "In so ruling, even on an unopposed motion for summary judgment, the court should review the facts in a light most favorable to the party who would be opposing the motion." *Id.*

Qualified immunity shields a government official from suit in the performance of a discretionary function unless that official's conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Fourte v. Faulkner Cnty., Ark.*, 746 F.3d 384, 387 (8th Cir. 2014) ("To determine whether [officials] are entitled to qualified immunity, we consider (1) whether the facts alleged, construed in the light most favorable to [to the

plaintiff], establish a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the alleged violation, such that a reasonable official would have known that her actions were unlawful.") (citation omitted).  To overcome Defendants' assertion of qualified immunity, Plaintiff "must produce sufficient evidence to create a genuine issue of fact as to whether they violated a clearly established right."  *Carpenter v. Gage*, 686 F.3d 644, 648 (8th Cir. 2012).

Because Plaintiff was a pretrial detainee at all relevant times, his constitutional claims based on the failure to protect him from assault by another inmate arise under the Fourteenth Amendment, but the Eighth Amendment deliberate indifference standard is applied to his claims.  *See Vaughn v. Greene Cnty., Ark.*, 438 F.3d 845, 850 (8th Cir. 2006).  The Supreme Court has held that the Eighth Amendment requires prison officials to take "reasonable measures to guarantee the safety of inmates [and] . . . to protect prisoners from violence at the hands of other prisoners."  *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (citations omitted).

For Plaintiff to prevail on his Eighth Amendment failure-to-protect claim, he must show: (1) that his incarceration in the D-Pod posed a substantial risk of serious harm, and (2) Defendants knew of and disregarded an excessive risk to Plaintiff's safety.  *See Holden*, 663 F.3d at 341; *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003).

In this case, there is no evidence that Plaintiff was incarcerated under conditions posing a substantial risk of serious harm.  Plaintiff has submitted no evidence of the potential of an assault on April 21, 2010.  In addition, Plaintiff has presented no evidence

that Defendants knew of and disregarded an excessive risk to his safety. Plaintiff never informed any corrections officer that he had been threatened by any inmates in the MCDC, or that he feared an assault by any inmates in the MCDC. The undisputed facts reveal that, once the jail officials became aware of the fight in progress, they interceded immediately to break up the fight. Thus, Plaintiff has failed to establish facts sufficient to support his claim that defendants violated his Eighth Amendment rights, and Defendants are entitled to qualified immunity on this claim. As a result, Defendants' motion for summary judgment will be granted as to Plaintiff's Eighth Amendment failure to protect claim.

The Eighth Circuit applies "the same 'deliberate indifference' standard to pretrial detainees that it applies to Eighth Amendment claims made by convicted inmates" that prison officials were deliberately indifferent to his serious medical needs. *Vaughn*, 438 F.3d at 850.

> "Under this standard, an official is deliberately indifferent (reckless) if he disregards a known risk to a prisoner's health. To establish a constitutional violation, it is not enough that a reasonable official should have known of the risk. Rather, a Plaintiff must demonstrate the official actually knew of the risk and deliberately disregarded it."

*Id.* (citations omitted); *see also Fourte v. Faulkner Cnty., Ark.* 746 F.3d 384, 387 (8th Cir. 2014). "Deliberate indifference may include intentionally denying or delaying access to medical care . . . . However, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment

decisions." *Peitrafeso v. Lawrence Cnty., S.D.*, 452 F.3d 978, 983 (8th Cir. 2006) (citation omitted).

"A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden*, 663 F.3d at 342 (citation omitted). Denial of medical care that results in "unnecessary suffering is inconsistent with contemporary standards of decency" and violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).

In this case, the undisputed facts establish that Plaintiff was seen by Starke, a nurse, soon after he was involved in the altercation. The record reveals that Starke treated Plaintiff's injuries promptly. Although Plaintiff wanted to go to the hospital, Plaintiff has failed to come forward with any evidence demonstrating that he was harmed by Starke's course of care. *See Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993) (explaining that a prisoner's disagreement with a physician's medical judgment or prescribed course of treatment is insufficient to establish deliberate indifference). While Plaintiff alleges in his amended complaint that he went to the hospital and was diagnosed with a fracture subsequent to his release from the MCDC, he has not presented any medical records or other evidence to support this assertion. In addition, Plaintiff admitted that he waited until April 26, 2010, three days after he was released from the MCDC, to seek medical care for his injuries. In sum, Plaintiff has failed to present any evidence that

the moving Defendants were deliberately indifferent to his serious medical needs. Thus, Defendants' are entitled to qualified immunity on this claim.

Summary judgment is appropriate with respect to Marcum, Hadenfeld, and McCameron for the additional reason that there is no vicarious liability in § 1983 actions; instead, a supervisor may be held liable only for his personal involvement in the alleged constitutional violation. *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001). Plaintiff does not allege that these Defendants directly violated his constitutional rights. To the extent Plaintiff seeks to hold these Defendants liable under a respondeat superior theory, his claims fail.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the motion for summary judgment filed by Defendants Cory Hutchesson, Charles Marcum, John Hadenfeld, Danny Bright, and Janice McCameron is **GRANTED**. (Doc. No. 35.)

All claims against all parties having been resolved, a separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of June, 2014.